NicholsoN, C. J.,
delivered the opinion of the Court.
In February, 1861, Lucy Forrest recovered a judgment in the Circuit Court of Warren county, against W. A. Garritson as principal, and Smart & Evans as securities, for about $1,200. No execution issued until 1866, when the judgment was revived in the name of plaintiff’s administrator, she having died, and an execution was then issued and levied on the land in controversy, which was sold as the property of Garritson, and bought for the amount of the judgment by Smart & Evans, the securities. They received a Sheriff’s deed, and file this bill to remove a cloud from their title. They allege that in 1865 Garritson conveyed the laud in question to defendant, Mason; but that there was no valid consideration for the conveyance; and that the conveyance constitutes a cloud upon their title by Sheriff’s deed, which relates back to the date of the judgment in 1861, by reason of the lien created thereby, which lien, they insist, continued in' force until the levy and sale in 1866.
It is manifest that the lien of the judgment expired in February, 1862, under the decision in Branner v. Nanee, 3 Cold., 299, unless there is something in the case which kept it alive. It is said by complainant’s counsel, that the Court can judicially know that during the late war civil law was suspended, and legal process could not be executed; and for that reason, it is contended, the lien did not expire- The Court can judicially know that a civil war prevailed; but it does not follow that the Court can take judicial notice that *225 civil law was suspended in Warren county from February, 1861, to February, 1862, or that Clerks could not issue and Sheriffs’ could not levy executions and sell lands. No such allegations are made in the bill, nor are any such facts proven. As the question made is not raised by the allegations or proof, it is not necessary to consider it. For anything .appearing in the record, the lien expired in February, 1862; and therefore complainants are in no condition to controvert the legal title acquired by Mason in 1865. We may remark, however, that the proof' i's satisfactory that Mason paid a fair consideration for the land, and that there is no ground to doubt the validity- of his title.
The decree of the Chancellor will be affirmed,, with costs.
On a petition to re-hear, on a subsequent day of the term, the Court held that the foregoing opinion was correct, and refused to re-hear the cause.